First case up this morning is 411-0289-0330 Consolidated Automobile Insurance Association v. Burton et al. So we have for the appellant Mr. Byers, are you here sir? Yes. And Mr. Costello, for the appellee Mr. Chimmers, is that pronounced correctly? Yes. Counsel, are you both going to argue? Yes. Have you divided up your time about the clerk now? Yes. Okay, then you may proceed. Thank you. May it please the court. Counsel. Counsel. The true party and interest I represent is 8-year-old Carly Buckley. She's the daughter of Timothy Buckley who was killed while crossing the street in Argenna, Illinois on May 11, 2008 by a hit-and-run driver. Carly was 4 years old at that time, and of course she was too young to bring a suit for herself or a claim for her loss. Carly's dad's estate was already closed by the time that Rodney Burton was arrested for leaving the scene of a fatal accident in August of 2009. The estate was then reopened, and a few months later a suit was filed by Carly's mother, Carrie Buckley, after she was appointed the administrator of her ex-husband's estate. Rodney Burton was served with summons on June 7, 2010 and was then convicted in a criminal proceeding of leaving the scene of a fatal accident on June 10, 2010. Rodney Burton served a copy of Carly's complaint on his insurance carrier Farmers on July 8, 2010. The issue before this court is whether there will be any insurance coverage for Carly's claim for the death of her father. The case was decided in the trial court on cross motions for summary judgment. It's the estate's position that either its motion for summary judgment should have been granted or that the case should have been set for trial on the merits. We're asking that this court either grant our motion for summary judgment or remand the case for trial. The issues before the court are really boiled down to when is the requirement that Rodney Burton notify his carrier first triggered. And there were three alternative dates offered to the trial court in the arguments on the motion for summary judgment. The first alternative date was the date of the accident, May 8, 2008. The next date that was offered to the trial court was the date of August 26, 2009, when Rodney Burton was first arrested. The third date that was offered to the court was the date that we offered, and that was commencing with his service of summons in the civil suit on June 7, 2010. So with those three competing dates, the trial court resolved the motions for summary judgment. The court ruled that the obligation for Mr. Burton to notify his insurance carrier first arose on the date of his arrest, August of 2009. And based upon that, found that the intervening time between the time he first was required to notify his insurance company and the time he actually notified his insurance company, from August 26, 2009 to July 8, 2010, those approximately 11 months were too long that it was his negligence for waiting that long, and therefore the insurance company had no duty to Mr. Burton under the policy and granted summary judgment to farmers on their motion for summary judgment. We take issue with that. What happens is when Mr. Burton, we've always asserted that once the time he got arrested, we, being Carly's estate of Timothy Buckley, has asserted that Mr. Burton was the one responsible for the death. We have always asserted that. However, Mr. Burton has always asserted that it wasn't him. Some other person did it. He has always asserted his innocence. There is no point in any of the proceedings where Mr. Burton has stood up and said, yes, I'm the responsible party. He's never done that. So the context that the case comes into is when a person is asserting their innocence, their non-involvement in a collision, when does it first become duty upon them to report this collision that they say they weren't involved in to their insurance carrier? Well, obviously, when he was convicted on June 10, 2010, he had an absolute duty of reporting it to the insurance carrier. How about when he was arrested? Why doesn't that trigger the duty to notify? Well, there's two different reasons we assert. First off, the obvious answer is, well, he wouldn't know whether or not he was going to be convicted. But that's the obvious answer. The real answer, though, comes up is, what is required under the policy? And what's required under the policy is a duty to notify of an accident or loss. Well, if he's asserting he didn't have an accident, and if he's asserting he didn't have a loss, is being arrested equivalent to an accident or a loss? Well, the language of the policy doesn't say accident, loss, or arrested. So as a layperson, should he equate being arrested as an accident or loss? Because the policy doesn't say if you're arrested, you have to tell us. What should the policy say? I'm sorry, Judge, I didn't hear that. What should the policy say to cover this situation? Well, I think that the policy should say that if you are arrested for a loss that you claim you were not involved in, you have a duty to notify us at that time. I think it should be more specific. It should say an arrest equals an accident or loss. We're talking about laypeople who are out on the street driving cars. They get into a traffic accident. They have a duty to report. If they're out driving on the streets and they say, I never had an accident, do they know they have a duty to report even though they got, when they get arrested? We don't know in this case. Well, then why should the duty to report ever arise? Well, it's... I mean, if Mr. Cattell says, hey, I never did anything. We've already asserted they did. But I think what you have to look at is the language of the policy itself. I am. Under your theory, when does the duty to report arise based upon the language of the policy? In this accident, it arose first when he was served with summons on June 7th. That's the first time it arose under the language of this policy. Why did it arise then? Because he was served with summons. What does the language of the policy say about service of summons? Well, he certainly put on notice at that moment in time that a claim is being asserted against him for an accident or loss. So? Before, when he was arrested, there was a civil claim being asserted. Counselor? Yes, sir. Your position is we must look strictly to the language of the policy.  What does the language of the policy say about being served with summons? My recollection is that it says that you have to... We must be notified promptly of how, when, and where the accident or loss happened. Correct. What does that say about service of summons? In other words, if we accept your argument that it's referenced the language of the policy solely, the time hasn't yet begun to run, has it? Oh, Your Honor, I think it has. Based upon what? Service of summons is not referred to anywhere in there. Not in that section of the policy, no. What section is it referred to? I don't believe it's referred. That is the section that requires notice to the insurance company. I'm suggesting that it should say that if you're arrested for an accident, then you have to report that to the insurance company. The absence of it saying that means that the policy requirement didn't kick in until the service of summons. That's correct. There's no reference to service of summons either. Well... Why shouldn't the arrest, to be more specific, since the language I've quoted you doesn't address either the service of summons or being arrested, why is it not correct for the trial court to look to being arrested as sufficient notification that something's up here? Well, if the trial court was going to take that position, and they obviously did, we think that there should have then gone to a trial in the merits, that there wasn't enough before the court to enter a summary judgment. What genuine issue of material fact is present in this case? Well, there was no evidence submitted on whether or not the sophistication of Mr. Burton, what he knew about his policy, the things that we've set forth in our brief as to... I'm not sure I understand what issue of fact that's about. If the claim is they didn't comply, Mr. Burton didn't comply with the requirement of the insurance policy on notification, what evidence is there to present on that? Well, there's the four factors, or five factors, that are set forth in the American West case that go into that. And we believe that there should be evidence submitted on those factors. What would that be? Well, the factors of American West are the specific language of the policy, which was submitted to the trial court, the insured sophistication in commerce and insurance matters, and we suggest there was no evidence on that. Right. Well, whose job was it to submit some evidence to raise the question of fact? If there's no evidence presented to the court that shows he was not sophisticated, how does that prevent the court from granting a summary judgment? Well, it's our position that the burden was on the movement to submit evidence on that. As a practical matter, Mr. Burton wasn't my client, and he's in prison, so it's a difficult situation. But we believe that the burden was on the movement to come up with the facts. This has been all just base law issue as presented to the trial court. So they had to depose Burton to show he was sophisticated enough to understand his requirement to meet their burden of proceeding on a motion of summary judgment? Not necessarily depose him, Your Honor, but that's just one of the five things. The diligence and ascertaining which coverage is available, all of those types of things are in there. I see my time is up. No, not yet. Red light. That's just yellow. Oh, okay. You may proceed. All right. And whether there's prejudice to the insurer. Your Honor, we suggest that there has never been any prejudice to the insurer in this case. And that's one of the big issues we think, too, is because what would have been different had they been notified 11 months earlier? What prejudice have they suffered by an 11-month delay? Okay. Didn't our Supreme Court, Lavorze, say, though, that an insurance company does not have to establish it was prejudice for the notice to be unreasonable? It's one factor to consider. It is. It is. It's one. I agree. But I also think that that is one of the issues that the court can consider. And in this particular case, what prejudice is there to the insurer? And we submit that there's none. But even if there's none, that's not a determinative factor necessarily. It's just one factor. It is. Just true. But would there be any prejudice to the insurance company if, let's say, Mr. Burton hadn't been arrested for six years? I mean, after all, homicide cases can be prosecuted forever. He's arrested six years later. Now the same situation proceeds. Would the argument be the same? Hey, what's the prejudice to the insurance company? Well, Your Honor, under that hypothetical, I would have to say that if the evidence that was gathered can show that there's somebody who's dead who would have been a witness, if there's something that you can show that there's some actual prejudice, then, of course, the insurance company could assert that. But in the case where all of the evidence is still available six years later that was available at the time, I don't know that there's any prejudice simply by the delay. Okay. Thank you, Counsel. Thank you. Mr. Costello. May it please the Court, Counsel. Simple issue. Three dates have come into play. Accident, death, May 11, 2008. Burton arrested August 28, 2009. Burton convicted June 10, 2010. Lawsuit filed by Buckley. Someone served July 8, 2010. Under the terms of the policy, you must… I thought it was served on June 7, 2010. You're probably… Yes, Your Honor. Yes. That's a misstatement, July 7. We have to look at the terms of the policy, and the Court has fully gone through it with prior counsel, and what is a common-sense approach. And that's what we have to adopt. The accident happens. I don't know I'm in an accident. I'm arrested. I don't know if I'm going to be convicted or not. Well, Mr. Costello, a common-sense policy, I think that's probably a pretty good standard. Your client's just been busted. Yes. And the charge is you killed a guy driving your car. Yes. Now, someone thought there was probable cause to believe who got you arrested, and this is now a felony, so in very short order, I don't recall what the circumstances were. Either he was indicted by a grand jury, or a judge found probable cause to proceed, or he waived it. Now, why wouldn't that put any reasonable person on notice that someone's pretty serious about what happened with regard to him and his driving of the car, and to the extent that he is claiming coverage like now, I want my insurance company to protect me civilly in this matter, maybe he should let them know about this alleged accident where he allegedly drove. I see the court's point. However, the people of the state of Illinois are the party against him. I think an average person doesn't realize that he may well be sued for death from the estate of the deceit. He doesn't know that at that time. Now, wait a moment. That's why. What average person wouldn't understand that the state has just charged me with killing a guy by driving a car? I might have a civil liability for killing this guy by driving the car, as well as the state claiming a criminal one. How does that not fall? I'm convinced in that case, if I were that person, that we do have in this country the presumption of innocence. Do I have to report something when I presume that a jury is going to render a verdict of not guilty? So that's it. I'm presumed innocent of this charge, so therefore the burden to tell the insurance company doesn't apply. That's one half of it. The other half is you do not have to report until, with a reasonable degree of certainty, you know that there is going to be a lawsuit against you and give notice to your carrier. Where does that requirement appear? I haven't sensed your... So only when you know a lawsuit is going to be filed or reasonably believe a lawsuit is going to be filed, that's when the notification obligation first arises? Only when you know that you could well be responsible for the death of a person which is triggered by the conviction on June 10, 2010. Merely being arrested and charged with that offense and perhaps sitting in jail isn't enough notice? I would suggest that you would then fall back on I'm going to get out of this with your presumption of innocence. I didn't do it. So the notification requirement only applies when you're convicted? No, I'm not saying that, Your Honor. Well, does it apply short of conviction? The notice requirement only applies when you have reasonable belief that you must notify your company because you were involved. Does that ever arise prior to conviction? In this case, I don't suggest that it arose on the day he was arrested. Does that answer my question, Mr. Costello? Yes, sir. Does it ever arise, your standard, does it ever arise prior to conviction? It never arises prior to conviction. Would we be the first court to so hold? You may revisit your holdings, Your Honor. I just want to check. I want to make sure. There aren't any cases. Unless there are any other questions. Thank you. Thank you, counsel. Mr. Chummers? Did I pronounce that correctly, sir, Chummers? You did. Thank you. Good morning, Your Honors. May it please the Court. Counsel. Counsel for the Plaintiff Appellee Farmers Automobile Insurance Association, Robert Chummers. Let me ask you a question on my mind, counsel. Isn't Mr. Byers right when he says, really, what's the prejudice here to the insurance company? I don't know what could be more prejudicial when an insured has been convicted by a jury of leaving the scene of an accident which resulted in the death of a person. Consider the trial of the case. But I'm talking about the lawyer. What was the lawyer like? Yeah, I know. I know. I wasn't there. But then he's impeached by a criminal conviction in front of a jury in a civil case. That is highly prejudicial. I don't know if there could be more prejudicial. You wouldn't have defended him in the criminal case, would you? Pardon me? You would not have defended him in the criminal case. Certainly not. So how are you prejudiced? What would you have done differently if you'd been notified in advance of the criminal case? We don't know what we could have done differently because we weren't notified until after he was convicted. You're an experienced lawyer. You're sitting at your desk and you've been notified. Tell us what you're going to do. Well, first of all, we couldn't talk to the defendant because he had criminal charges pending against him. He wouldn't talk to his insurance company, even though fear of conviction is not a reason not to communicate. We know that from Brunn. We know that from this court's opinion in Slipher, American Standard versus Slipher. We also know that any communication with the insurer is privileged. However, there would be no basis for the insured under those circumstances to communicate with them. Let me be clear. I think Justice Pope is correct in her observation that you could still prevail on this, arguably, even if there's no prejudice to the insurance company. But I want to just stay with it first because I'm having trouble seeing how this case would have been different had you been notified earlier. Well, there are two ways to look at this case. One, if you look at the case from the basis that Judge Weber decided, that is an 11-month period of failure to notify after the criminal charges were made, is one way to look at it. And then under the Lavorsi factors or the factors from our Supreme Court in West American, not American West, I lost that case in the Supreme Court, West American versus Yorkville National Bank, the factors are clearly in favor of the insurer. The policy language is clear. This court so held in American Standard, Justice Steigman, you wrote the opinion in Slipher, how they can't mention that case in front of this court, I don't know. We could look at that case and forget the August, the date from criminal charges in August of 09 for the 11 months until the Lavorsi trial. There's a criminal conviction. The criminal conviction was affirmed just as Pope wrote the Rule 23 order in August of this year. Two weeks ago, the Supreme Court denied leave to appeal. Here's collateral estoppel. We go back to the date of the accident. That's when this notice had to be given. It's no different than Braun. It's no different than Slipher. Surely, though, there's a problem if at the time, and Mr. Burton, I think, is throughout, maintained I didn't do nothing, know how, neither, never. How is he supposed to notify the insurance company if he said of the non-event in his eyes? That can't be the date, can it, the date of the accident? A confession or a conviction is a distinction without a difference. This court, in the Slipher case two years ago, looked at when notice was to have been given of an accident that occurred five years earlier by an insured criminal defendant who confessed. We would submit to this court the confession of Slipher is no different than the conviction in this case. Look at the language this court wrote, $395 up third at 1062. In this case, the uncontested facts are that, one, in August 2002, Slipher drove a vehicle that struck and killed West. We'll change that. The uncontested facts are that in May 2008, Burton drove a vehicle that struck and killed Timothy Buckley. Two, at the time of the accident, Slipher had a valid insurance policy with American Standard. Change that. At the time of the accident, Burton had a valid insurance policy with Farmer. Three, Slipher failed to report the August 2002 accident in accordance with the notice provision of his insurance policy. Three, Burton failed to report the May 2008 accident in accordance with the notice provision of his insurance policy. And four, American Standard did not learn of Slipher's accident until August 6, 2007, over five years later. Four, Farmers did not learn of Burton's accident until July 2010, over 26 months later. It's the same thing. Isn't there some inconsistency in the fact that you get the profit here by the misconduct of your insurer? How did we profit? Your insurer doesn't tell you about the accident. Therefore, you have no liability. Well, he breached the policy. It's a two-way street. He breached the policy by not giving notice. You were the ones who agreed to insure this bad person. Why is it that the victim gets harmed, but you profit from the failure to notice? To breach of contract. The contract requires, and I think that your honors went through Part A at the start, we must be notified promptly of how, when, and where the accident or loss happened. There's no exception for, I don't want to report it because I have criminal exposure. No exception at all. If you're in an accident, you have an obligation, if you want the coverage you paid for, to notify the insurance company. So what, that it's a misdeed on the part of your insurer? That's the way the law is, right? Notice provisions are litigated all the time. This court is no stranger to the notice provision. This notice provision, in particular, is no different. Isn't there a public policy involved here? This is mandatory insurance. Drivers have to carry this insurance. But if they don't notify their insurance company, the insurance company is off the hook. What's the insurance company supposed to do if it's not notified? You can't provide a defense for somebody that doesn't tell you they want a defense, and you can't provide a defense for somebody who tells you about it 26 months after the accident. But that's part of the point, isn't it? It's not that you can't provide a defense. It's just that when you are notified, it might be a lot more difficult to provide a defense than if you were timely notified. Isn't that what we're talking about? Notice provisions work two ways. One is to begin to mount a defense for the insurer, and the second is to allow the insurer the opportunity to make a thorough and timely investigation and to preserve possible evidence. That wasn't done here. Mr. Costello on behalf of Burton says the state did a better job of investigating this accident than any insurance adjuster could ever do. I don't know where that came from. But that's not the point. The policy is a contract. The notice provision of this contract on this record was unmistakably breached by the insurer. Didn't the insurance company know about this accident shortly after the guy was arrested? They knew about the accident on July 8, 2010, when he tendered his defense of the wrongful death case. That was the first notice of loss. The insurance agent is reading the newspaper. He sees, oh, my insurer has been arrested for this accident. Didn't the insurance company know about the accident then? Well, that would be an extreme extrapolation of what Justice Burke wrote in West American v. Yorkville National Bank. When the president of the bank, sitting at his desk on a Saturday, and the retired insurance agent comes in and says, you know, they start exchanging pleasantries, and then the president of the bank says, we've been sued in a he-said-she-said case in Ottawa. And is that covered? The agent said, it might be. Well, the Supreme Court said, even though notice of the lawsuit was finally given 27 months after the suit was filed, all of these passing conferences, these he-said-she-said discussions amounted to notice. They also mentioned in that case that because the retired agent sat on the board of directors of Yorkville National Bank, and they discussed at a board meeting the amount of money it was costing them to defend the slander case that had been filed, that that somehow was noticed. So I think, Your Honor, Justice Burke, I think that is an extreme extrapolation. Your suggestion is that the proper course of conduct for the insurance company is to close its eyes and ears whenever anything like this happens. We don't want to know that our insured was in an accident. No, I think what you're saying is, there's no doubt the law in Illinois is such that notice of a lawsuit without tender can trigger an insurer's duty to defend. The Supreme Court said that in Cincinnati Companies v. West American Insurance Company. I believe it's 183 Illinois 2nd 317. It was decided in 1998. I lost that case, too, at the Supreme Court. There, the notice or the knowledge the insurance company had is more than reading a newspaper. It is the ability to know that a cause of action has been filed and where to find the complaint. Now, you read a newspaper article, that was what they held. You have to be able to locate the lawsuit and know a cause of action was filed. Is there anything in this particular case about who sold the policy or what that person may have known? No. So that would just be speculation at this point? It was unrebutted and uncontroverted that the first notice of the loss, by Mr. Burton to farmers on July 8, 2010, one month after it was served. We're not complaining about lack of notice of the lawsuit. We're complaining about first notice of the loss. It was 26 months late. Let me ask you this. Mr. Byers gave us three potential dates as being the date for when notification needed to be made. And as I recall, those were the date of the accident, the date he was arrested, and the date of conviction as being possible dates. If this court were to agree with Mr. Byers on those three dates and think that the date of arrest would have been the appropriate date where the clock should start running on when Mr. Burton should have been required to notify you. Two questions. One, what would the delay from that date to your actual notification have been? And two, would you still be arguing that that's a federal notification in a timely fashion? To use the date of the criminal charges, which is August 2009, with the first notice that that triggered it, we still have an unexplained delay from May 2008 to August 2009. And it wasn't given. The notice was given in July of 2010. So what is that, 14 months or something? Right. You either have a 14-month delay from the date of the accident, which would be referenced in the criminal charges, or you have an 11-month additional delay from the criminal charges to the wrongful death case being filed. But there's an additional reason. Under the collateral estoppel doctrine, American Family v. Sebekus, Mr. Burton is in no position to argue to this court or any court that he wasn't there. He's collaterally estopped in a civil case, according to the Supreme Court in the Sebekus case. The elements are all here. The identical issue, final judgment on the merits, the party against whom estoppel is asserted was a party to the underlying case. No doubt. So if you're representing Mr. Burton, you're going to have trouble trying to defend on that basis? What I'm saying is if you're defending Mr. Burton in the wrongful death case, the only issue, one of the issues there, I think, he said, even if I'm collaterally estopped, that still doesn't preclude me from arguing that the decedent was contributorily negligent or had comparative fault. It merely means if you ask him what the weather was like, he can't answer, I don't know, I wasn't there. How fast were you going? I don't know, I wasn't there. He's collaterally estopped. Being collaterally estopped, I'm saying to this court, it is the same as the confession in the Slipher case. And I gave the court the four elements that, Your Honor, Justice Stegman, you upheld the provision and you called the notice provision clear, unambiguous, and reasonable. You called it that it was breached, that there was a contractual obligation to promptly report. This case is no different. Here, instead of a confession, there's a conviction. It's a distinction. Why is there a difference? Well, it may have a legal effect down the road, but a confession on notice, when a guy has confessed he did it, his argument that, gee, I'm under no obligation to notify the insurance company, seems to be rather clear as opposed to avoid, to get civil coverage, as opposed to Mr. Burton's situation. He said, I didn't do nothing, no how. And he's convicted. You're right. I think about the collateral estoppel, but that's as a matter of legal effect. How do you say it's the same as a confession? Legal effect is the same. Well, yes. The jury found, and he's collaterally estopped to deny, that he was not at the scene of the accident on May 11, 2008, and that he did not kill. But the question is, when should he have known to give notice to the insurance company? Collateral estoppel doesn't address that, does it? What collateral estoppel does is puts him at the scene of the accident, and the policy says the how, what, and when of the accident are to be reported promptly after the accident. That's a ground for this court to affirm the judgment. You can affirm on any ground in the record. That was the ground that was argued. If he had been found not guilty, then his notice would have been adequate? Notice was still late. The notice was still late. The notice was given 26 months after the accident. But if he's found not guilty, we don't know whether he was the one. Well, then you have the time of the criminal charges, which charged him with the accident. Well, if he's found not guilty, then he wasn't there. There'd be no wrongful death case. Well, sure. It's not collateral estoppel. It's a different burden of proof. Well, if he was found not guilty, then he was found not guilty of leaving the scene of an accident. So that means he wasn't there. There'd be no wrongful death case. He'd still file a civil suit in that situation. Not if he wasn't there. You're not there when your question is fair. What? It wouldn't be a collateral estoppel in that guilty verdict in a criminal case. He could still be civilly liable. He could be. Okay. So when does he have to give notice then, if he's found not guilty? Well, if he was found not guilty, he was charged with the crime of leaving the scene of an accident where a person was killed. If he was found not guilty, that means he didn't leave the scene of the accident. Unless I'm missing something. You're missing something. I am telling you. What I'm trying to find out is, if he's found not guilty, when should he have given the notice? I'm asking you for a date. Under that circumstance, I don't know, because he was not there. Let me ask you this. Assume that he is not guilty. Certainly, he doesn't have to give you notice after the accident. If he's not guilty of leaving the scene of the accident? If he was not the perpetrator, he doesn't have to give you notice after the accident. That's correct. When does he have to give you notice? Well, he had to give it, well, if he wasn't the perpetrator, he wouldn't give notice. Counsel, somebody killed Mr. Let me say it to you this way. The accident happens. He says it wasn't him, and it perhaps was not him, but he's then sued in a civil suit. He has to give you notice when the civil suit is filed, correct? Yes. Of course, he did that here. He did that here, but he was also convicted and found guilty. It's too bad he was convicted, because if he was not convicted, the civil suit could go forward. I don't follow that, Your Honor. The law here, I think the clear application of the law here with collateral estoppel is that he is estopped from claiming- Well, but let's assume, I think, to pick up on Justice Cook's question, let's assume he had been tried and acquitted of the charge criminally. Then he notifies you upon his acquittal of the civil lawsuit against him, or whenever he served with the civil lawsuit. You would have to then defend him, and your claim that the notification wasn't timely wouldn't work, would it? Under that circumstance, probably not, and it wouldn't work because if he was found not guilty of leaving the scene of an accident, his defense was, I wasn't there, which is why I was found not guilty. Well, and for purposes of when under that situation would he be required to notify the insurance company to get coverage, the answer would be when he served with a civil case. That's correct. That's not this case. In this case, if the insurer had given you notice the day after the accident, what would he have to notify you of? If he gave us notice the day after the accident, the notice would have been on May 11, 2008, I was involved in an accident, I may have killed somebody. And he would have to admit his guilt? No, he would just give notice of the accident, it would be investigated. If he made that contact with you, would you have an obligation then to notify the authorities? Well, the law recognizes a statement by an insurer to the insurer as closed with a privilege which is akin to an attorney-client privilege. If a lawyer would not have an obligation to notify the authorities of that information, then the insurance company wouldn't either. Again, that is a far field from the facts in this case, which I think are clear and there has never been a question of fact raised by either defendant to the coverage action. And as this court knows, it can affirm for any reason in the record, the collateral estoppel based on the Savickas case is a clear application of collateral estoppel. All of the elements are present here, and it's no different than what this court found in American Standard v. Slifer. The only difference is, and I think it's one without any significant distinction, here is a conviction and an affirmance in denial of leave to appeal, there was a confession. The time to give notice related back to the date of the accident, not to the date of the confession, not to the date of the conviction. Thank you, counsel. Time's up. Mr. Buckley. Judge, I have three points that I'd like to raise. First off, collateral estoppel that counsel has argued strenuously, when does it come into play? It comes into play upon the conviction on June 10, 2010. To backdate that to a prior time, as counsel is trying to do in his argument, there is no collateral estoppel to the date of the conviction. That's the difference between a confession and a conviction. When a guy confesses, yeah, I did it, you can backdate that to the date of the accident, because he's acknowledging that he was there. But how do you backdate a conviction? He's still claiming he wasn't there, I was wrongfully convicted. Does that backdate? I don't think that that should backdate. That's the first point. The second point is that the time of the, one of the questions you asked Judge Steinman was that what duty does he have when he gets served with the paper? Was it in the policy? It actually is. It's on page 19 of the policy. It says additional duties after an accident or loss. A person seeking coverage under this endorsement must also, one, promptly send us copies of legal papers if the suit is brought. So there is a provision in the policy besides the notice provision that says if you get paper served on you, you have to give it to us. So under the policy, under the scenario that we are asserting should be the law, that would be his duty under the policy. And the first arises when he gets served with summons on June 7th. And collateral estoppel doesn't happen until June 10th, a few days after he is served with summons. And then the insurance company is notified July 8th, which is less than 30 days from when collateral estoppel would first apply, and exactly 30 days from the day he first was served with summons. Certainly 30 days is a timely notice to the insurance company. And that's a direct answer to your question. I knew there was a provision in the policy, I just couldn't find it in my thoughts when you asked me that question earlier. So it's your position that it's only when he was served that his duty arose to notify the insurance company? Under the facts, the unique facts of this case, yes. That was when his duty arose. Also, since that's actually... Being arrested and charged wasn't enough? No, I don't believe that under the facts of this case... That's the troubling part for me, counsel. That's 11 months from the time he was arrested and charged with this accident, with this killing of a deceased, until the insurance company was notified. One of the arguments that counsel had just raised was that in the case of reading it in the newspaper, they have to be able to have actual notice, have to be able to go to the court and find the suit papers and such. Well, there wasn't any suit papers on file at the time he was first arrested. There were no suitable suit papers filed until... Is there any basis to believe that the insurance company knew anything about it through the informal means? Not at this record. But under the facts of this case, the... I see my time's almost up. No, not yet. Okay. Go ahead. Under the facts of this case, we assert that the first time that he actually has the duty under the policy is when he's served with the papers. Until then... First off, we didn't even have an estate open and couldn't have filed the papers until just shortly before he was served. The estate had already long since been closed. The contract is between Burton and the insurance company. True. When does Burton have to tell them? I have trouble understanding why you're arrested for this crime involving this card. That's from once your civil liability comes. Why, at a minimum, that wouldn't start the clock running? You haven't addressed that. Why shouldn't that be the standard? At a minimum. Even if they don't accept Mr. Chemer's argument that it's when the accident occurred, since he claimed I didn't do nothing know-how. But he's now been busted. That's exactly true. He was arrested at that time. Does that allow him to start the clock? Your Honor, we don't take the position that it does. We take the position that it doesn't start until he's actually served with summons. And the reason being, as a practical matter, there's a lot of things that happen from the time you get arrested until the time you actually get served. There's lawsuits that are never filed. He's also sitting in jail with probably a lot of time on his hands. There's fewer burdens and other matters to look to. Well, that is true, Your Honor. I would ask that you consider our position. Thank you. Thank you, Counsel. We'll take this moment to advise of any increases. I'm sorry. Do I get one statement, Your Honor? Okay. Go ahead. All I wish to say, as one is troubling the Court, the notice given to the insurance company was proper on the day he was served with summons because you cannot report what you don't know. And that includes the criminal trial when you say, what's going on here? Thank you. Thank you, Counsel. We'll take this moment to advise of any increases.